1

2

3

4                              UNITED STATES DISTRICT COURT

5                            NORTHERN DISTRICT OF CALIFORNIA

6

7    YOUTOO TECHNOLOGIES, LLC,              Case No.17-mc-80006-JSC

8                Plaintiff,

9          v.                              **ORDER RE: MOTION TO TRANSFER
                                           OR QUASH SUBPOENA**
10   TWITTER, INC.,
                                           Re: Dkt. No. 1
11               Defendant.

12

13        This dispute arises out of a Rule 45 subpoena that Defendant Twitter, Inc. issued in a

14   patent infringement action pending in the United States District Court for the Northern District of

15   Texas, Dallas Division.  *See Youtoo Technologies, LLC v. Twitter, Inc.*, No. 3:16-CV-00764-N

16   (N.D. Tex.).  That lawsuit involves Youtoo's claim that Twitter infringes three of its patents: U.S.

17   Patent No. 8,464,304 (the "'304 patent"), U.S. Patent No. 8,601,506 (the "'506 patent"), and U.S.

18   Patent No. 9,083,997 (the "'997 patent").  Presently before the Court is the motion of non-party

19   AQUA Licensing, LLC to transfer or quash the subpoena.  (Dkt. No. 1.)  Having considered the

20   parties' submissions, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b),

21   and GRANTS AQUA's motion to transfer this dispute to the Northern District of Texas.

22                                      **BACKGROUND**

23        Youtoo is a Texas company that developed technology that enables internet users to record

24   and distribute video on social networks and make it available to television networks.  (*See* Dkt.

25   No. 11-1 ¶ 5.)  Youtoo initiated the underlying patent infringement action against Twitter in

26   March 2016.  (*See* Dkt. No. 11 ¶ 2; Dkt. No. 11-1.)  The Texas district court granted Twitter's

27   motion to dismiss Youtoo's infringement claims for the '304 and '506 patents, holding them

28   invalid under 35 U.S.C. § 101 because the claims at issue are patent-ineligible.  (Dkt. No. 11. ¶ 6;

United States District Court
Northern District of California

1    Dkt. No. 11-2.)  Twitter then answered the complaint and asserted counterclaims only with respect

2    to Youtoo's infringement claims for the '997 patent.  (Dkt. No. 11 ¶ 8; Dkt. No. 11-4.)  At

3    Twitter's request, the Texas district court ordered that discovery on damages and issues unrelated

4    to liability is stayed until after the Court enters a *Markman* order.  (N.D. Tex. Dkt. No. 32.)

5         Twitter served the subpoena at issue on AQUA on December 1, 2016.[1]  (Dkt. No. 11-3.)

6    AQUA is a "specialized licensing consultancy" that helps companies "creat[e] value through IP

7    liquidity."  (Dkt. No. 6-17 at 3.)  Youtoo hired AQUA to "advise and assist Youtoo in its efforts to

8    license and sell its patents" in 2015.  (Dkt. No. 11 ¶ 2.)  The subpoena commands AQUA to

9    produce documents related to Youtoo and AQUA's efforts to license and/or sell the '304 patent,

10   the '506 patent, and the '997 patent.  (*See id.*)  Twitter agreed to extend AQUA's deadline to

11   respond to January 5, 2017.  (Dkt. No. 11 ¶ 8; Dkt. No. 6-1 ¶ 4; Dkt. No. 6-3.)  The parties did not

12   meet and confer about the content of the subpoenas.  (Dkt. No. 6-1 ¶ 6.)  Instead, AQUA filed the

13   instant motion to transfer or quash.  (Dkt. No. 1.)

14                                    **DISCUSSION**

15        Federal Rule of Civil Procedure 45(f) provides that "[w]hen the court where compliance is

16   required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if

17   the person subject to the subpoena consents or if the court finds exceptional circumstances."  Fed.

18   R. Civ. P. 45(f) (emphasis added).  This Court did not issue the subpoena; the Northern District of

19   Texas did.  (*See* Dkt. No. 11-3.)  Thus, the Court may transfer the motion to quash (1) "if the

20   person subject to the subpoena consents" *or* (2) if there are "exceptional circumstances."  Fed. R.

21   Civ. P. 45(f).  Ultimately, whether to transfer a subpoena-related motion is committed to the

22   discretion of the court where compliance is required.  *See Moon Mountain Farms, LLC v. Rural

23   Comm'y Ins. Co.*, 301 F.R.D. 426, 429 (N.D. Cal. 2014).  If the compliance court transfers the

24   subpoena dispute to the issuing court, the matter may be transferred back to the compliance court

25   for enforcement.  *See* Fed. R. Civ. P. 45(f).

26

27   _____

28   [1] In addition to the subpoena *duces tecum* at issue here, Twitter also served AQUA with a
     subpoena for deposition testimony, but the parties have agreed that the Court's ruling with respect
     to this motion will govern the deposition subpoena, as well.  (Dkt. No. 6 at 9 n.4.)

United States District Court
Northern District of California

1       Here, Aqua is the "person subject to the subpoena" and not only does it consent to the

2  transfer, it actually requests it.  Thus under the Rule's plain language the Court (the compliance

3  court) may transfer AQUA's motion to the court hearing the underlying case.  Twitter contends

4  nonetheless that transfer is not appropriate; it argues that "Rule 45(f) . . . was drafted primarily to

5  allow the ***issuing party*** of a subpoena to ask to transfer a subpoena-related motion from a distant

6  federal district, where the subpoenaed party resides, to the issuing district where litigation is

7  pending."  (Dkt. No. 6 at 10-11 (emphasis in original).)  Not so.  The Advisory Committee

8  explained that the Rule's "prime concern" is "avoiding burdens on local nonparties subject to

9  subpoenas."  Fed. R. Civ. P. 45(f) Advisory Comm. Note (2013).  The Rule's focus is therefore

10  the local nonparty, not the issuing party.  *See AngioScore, Inc. v. TriReme Med., Inc.*, No. 12-cv-

11  03393-YGR (JSC), 2014 WL 6706873, at *2 (N.D. Cal. Nov. 25, 2014) (noting that "the

12  amendments to the rule were designed to protect the subpoenaed party").  Here the local nonparty

13  wants the action transferred to the district where the case is pending.

14       There are few cases involving Rule 45(f) transfer requests made by the responding party,

15  presumably because where the third party consents to transfer, the subpoenaing party agrees; after

16  all, that is where the underlying action is pending and where the court is already familiar with the

17  case.  On the limited occasions that courts have addressed disputes involving third-party

18  respondents' disputed requests to transfer to the issuing court, compliance courts have granted the

19  transfer requests.  *See, e.g.*, *St. Clair Cnty., Ill v. Trinity Highway Indus.*, No. 16-mc-91286-IT,

20  2016 WL 5346943, at *1 (D. Mass. Sept. 23, 2016) ("Here, [third-party respondent] consents to

21  the transfer.  The motion to quash argues in part that some of the discovery sought is irrelevant.

22  The court in the underlying action, which is already familiar with the issues in this case[,] would

23  be better suited to hear the motion to quash."); *San Juan Cable LLC v. DISH Network LLC*,

24  No.14-mc-00261-RM-MJW, 2015 WL 500631, at *1 (D. Colo. Jan. 23, 2015) (noting that the

25  responding party "has not only consented but has affirmatively requested transfer" so the court

26  "need not consider whether the case presents 'exceptional circumstances'" and instead "it is

27  enough to note that the requested transfer does not appear to be frivolous or made in bad faith").

28       Transfer is likewise appropriate here based on AQUA's consent and the substance of its

1   motion to quash.  While AQUA's attorney-client privilege argument is weak, its overbreadth and

2   burden arguments do not appear frivolous or made in bad faith.  Transfer is particularly

3   appropriate given Twitter's insistence that Youtoo's litigation strategy is driving AQUA's

4   objections (*see, e.g.*, Dkt. No. 6 at 13); if this discovery dispute is really a dispute between the

5   parties, it belongs in the issuing court.  Further, the Texas district court is better suited to decide

6   disputes about the scope of discovery given its dismissal of two of the patents-in-suit and its order

7   limiting discovery to issues of infringement and staying damages-related discovery until after its

8   *Markman* order.

## CONCLUSION

10         For the reasons described above, the Court GRANTS AQUA's request to transfer this

11   motion to the Northern District of Texas, Dallas Division.  The Clerk of Court is directed to

12   transfer this case to the Norther District of Texas, Dallas Division for consideration of AQUA's

13   motion to quash in the pending matter of *Youtoo Technologies, LLC v. Twitter, Inc.*, No. 3:16-CV-

14   00764-N (N.D. Tex.).

15         This Order disposes of Docket No. 1 and this action in its entirety.

16         **IT IS SO ORDERED.**

17   Dated: February 1, 2017

19   _____
     JACQUELINE SCOTT CORLEY
20   United States Magistrate Judge

4